LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04475 BRO (JEMx)** | Date | June 18, 2015 |
|---|---|---|---|
| Title | **DEBORAH DAVENPORT V. SEATTLE BANK ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

# ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff Deborah Davenport ("Plaintiff") initiated this action in the Superior Court of California, County of Los Angeles. (Removal Ex. A.) Defendants Seattle Bank and Reverse Mortgage Solutions, Inc. ("Reverse Mortgage") (collectively, "Defendants") removed the matter to this Court on June 12, 2015, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Removal ¶ 3.)

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to § 1332(a)(1). Under the complete diversity rule, a plaintiff must meet the diversity statute's requirements with respect to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).

For purposes of diversity jurisdiction, a national bank is deemed to be a citizen "only of the state in which its main office is located." *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 709 (9th Cir. 2014) (holding that national banks are not also citizens of the state in which they maintain a principal place of business). The location of a national bank's main office is designated in the bank's articles of association. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). A state-chartered bank, on the other hand, is treated the same as a corporation when determining citizenship. *Id.* at 306; *see also Rouse*, 747 F.3d at 709 n.2. Accordingly, a state-chartered bank is deemed to be

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04475 BRO (JEMx)** | Date | June 18, 2015 |
|---|---|---|---|
| Title | **DEBORAH DAVENPORT V. SEATTLE BANK ET AL.** | | |

a citizen of its state of incorporation, as well as the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

The Notice of Removal does not contain sufficient allegations to demonstrate complete diversity. The notice alleges that Plaintiff is a citizen of California, and that Reverse Mortgages, a corporation, is a citizen of Delaware and Texas. (Removal ¶ 4.) Seattle Bank's citizenship, however, remains unclear, as the notice merely alleges that the entity is "an FDIC Savings Bank with its principal place of business in the State of Washington." (Removal ¶ 4.)

Accordingly, the Court **ORDERS** Defendants to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Defendants' response to this Order shall identify Seattle Bank's organizational structure and allege its citizenship in accordance with the authorities cited above. Defendants' response **shall be filed by no later than Wednesday, June 24, 2015, at 12:00 p.m.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |