LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER RE: MOTION TO DISMISS [12]

### I.  INTRODUCTION

Pending before the Court is Seattle Bank and Reverse Mortgage Solutions, Inc.'s (collectively, "Defendants") motion to dismiss Plaintiff Deborah Davenport's complaint. (Dkt. Nos. 12–13.) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claims of negligent misrepresentation, fraud, promissory estoppel, and to set aside trustee's sale, and **DENIES** Defendants' motion to dismiss Plaintiff's UCL claim.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Walter and La Verne Cooks (the "Cooks") executed a Reverse Mortgage[1] with Seattle Mortgage Company (a division of Defendant Seattle Bank) for property located at 687 South Reservoir Street, Pomona, California 91766 (hereinafter, the "Subject Property"). (Compl. ¶¶ 1, 7.) The Reverse Mortgage was secured by a Deed of Trust naming Seattle Mortgage Company as both the lender and beneficiary, and the Cooks as trustors. (Compl. ¶ 7.) The Cooks created a family trust in July 2011, including the Subject Property as part of the *corpus* of the trust. (Compl. ¶¶ 6, 9.)

---

[1] A reverse mortgage is a home loan that provides cash payments to the borrowers based upon their equity in the home. Plaintiff alleges that "[l]enders are not entitled to collect on the note and [h]omeowners are not obligated to make any payment on the loan until they are deceased, they sell the home, or move out." (Compl. ¶ 8.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

By August 2012, both of the Cooks had passed away. (Compl. ¶ 11.) Plaintiff, the Cooks's daughter and heir, became the administrator of the family trust. (Compl. ¶¶ 6, 19.) Plaintiff contacted Defendant Reverse Mortgage Solutions, Inc. ("RMS") to determine her options with respect to the Subject Property. (Compl. ¶¶ 12–13.) In October 2013, Seattle Mortgage Company transferred all beneficial interest to Defendant Seattle Bank via an Assignment of Deed of Trust. (Compl. ¶ 14; Ex. C.) In December 2013, Plaintiff received a Notice of Default for the Subject Property, claiming that the amount due on the loan was $291,220.92. (Compl. ¶ 15; Ex. D.)

In June 2014, a probate court ordered the transfer of title of the Subject Property to the family trust. (Compl. ¶ 19.) Plaintiff attempted to get a loan, (Compl. ¶ 16), but after some difficulty, "determined that her only remaining option was to sell the Subject Property." (Compl. ¶ 20). Plaintiff, with help from Real Estate Agent Claudia Zeier, secured a buyer for the Subject Property; the buyer agreed to purchase the Subject Property for $323,000.00. (Compl. ¶¶ 16, 20, 22.)

Plaintiff claims to have coordinated the sale with RMS employee Marcus Williams "to ensure that there would be no unnecessary foreclosure of the Subject Property while it was in escrow." (Compl. ¶ 23.) RMS scheduled a trustee's sale of the Subject Property for October 27, 2014 at 11:00 am. (Compl. ¶ 24.) Upon finding out that RMS planned for a trustee's sale, Plaintiff and Ms. Zeier contacted Mr. Williams. (Compl. ¶ 25.) At that point, Plaintiff alleges that Mr. Williams promised both Plaintiff and Ms. Zeier that if they could provide his "office a written confirmation of the escrow closing date before the sale," RMS would "cancel the sale date." (*Id.*) Mr. Williams also confirmed, via email to Ms. Zeier, that "without an official closing date, [RMS is] unable to postpone the sale." (*Id.*; Ex. G.)

Based on Mr. Williams's promise, Plaintiff obtained "written confirmation" of the October 31, 2014 closing date. Plaintiff sent a letter to RMS from the escrow company "on October 27, 2015 [sic] at 8:30 am" confirming the escrow closing date. (Compl. ¶ 26; Ex. H.) The "Amended/Additional Escrow Instructions" only included Plaintiff's signature. (Ex. H.) The Defendants nevertheless held the trustee's sale, scheduled to take place on October 27, 2014 at 11:00 am, despite Plaintiff's letter. (Compl. ¶¶ 26–27.) Defendant Seattle Bank, the foreclosing beneficiary, purchased the Subject Property at the trustee's sale. (Compl. ¶ 27.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

Plaintiff filed a complaint in state court on April 29, 2015, alleging: (1) negligent misrepresentation, (2) fraud, (3) promissory estoppel, (4) to set aside trustee's sale, and (5) violation of California Business and Professional Code § 17200 *et seq.* (Unfair Competition Law or "UCL"). (*See* Dkt. No. 1-1.) Defendants removed the action to federal court on June 12, 2015. (Dkt. No. 1.)

On July 15, 2015, Defendants filed the instant motion to dismiss Plaintiff's complaint. (Dkt. Nos. 12–13.) Plaintiff opposed this motion on July 27, 2015, (Dkt. No. 14), and Defendant replied on July 31, 2015, (Dkt. No. 15).

### III. LEGAL STANDARD

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). Courts generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

properly denied . . . if amendment would be futile." *Carrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### IV. DISCUSSION

Defendants move, under Rule 12(b)(6), to dismiss Plaintiff's entire complaint, which alleges five causes of action: (1) negligent misrepresentation, (2) fraud, (3) promissory estoppel, (4) to set aside trustee's sale, and (5) violation of California's UCL.

Defendants argue—in connection with each cause of action—that Plaintiff did not provide a valid escrow instruction to Defendants where the "Amended/Additional Escrow Instruction," (Compl., Ex. H), did not include the buyer's signature. (Mot. at 5–6.) If the escrow instruction "was not effective to change the close of escrow date to October 31, 2014," Defendants claim that the escrow instruction Plaintiff provided cannot be "written confirmation of the escrow closing." (*Id.* at 6) Based on this, Defendants contend that they had no obligation to postpone or cancel the trustee's sale. All of Plaintiff's claims rely on allegations that Plaintiff's written confirmation of the escrow closing date obligated Defendants to cancel the trustee's sale set for October 27, 2014. The Court will therefore address this contention first.

Plaintiff alleges that:

> Mr. Williams promised both Plaintiff and Claudia [Zeier, Plaintiff's agent], that if they could provide "his office a written confirmation of the escrow closing date before the sale" RMS would "cancel the sale date". This promise was also confirmed via email between Claudia and Mr. Williams, whereby Mr. Williams states that "…without an official closing date, we are unable to postpone the sale…". *See* Email Chain Dated October 24, 2014 attached hereto as Exhibit G.

(Compl. ¶ 25 (bold and italic emphasis omitted).) Plaintiff asserts that the letter sent to RMS from the Escrow Company "confirmed the Escrow Closing Date[,]" citing the Escrow Closing Date Confirmation. (Compl. ¶ 26; *see also* Compl., Ex. H.)

California Financial Code § 17403.2 states:

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

> No person subject to this division shall . . . permit any person to make any addition to, deletion from, or alteration of an escrow instruction or amended or supplemental escrow instruction, unless the addition, deletion or alteration is signed or initialed by all persons who had signed or initialed the escrow instruction or amended or supplemental escrow instruction prior to the addition, deletion or alternation.

Section 17005.4 defines "[p]erson subject to this division" as "any person undertaking the performance of escrow agent services." The statute further specifies that, "[u]nless specifically exempted, as in Section 17006, however, this definition shall not be used to exclude anyone. *Id.* § 17005.4. The division does *not* apply to "[a]ny person doing business under any law of [California] or the United States relating to banks, trust companies, building and loan or savings and loan associations, or insurance companies." *Id.* § 17006(a)(1). The requirement that all persons sign the amended/additional escrow instructions thus does not apply to Defendants—Seattle Mortgage Company, a division of Defendant Seattle Bank, provided Plaintiff with a loan, (Compl. ¶ 7), and Defendant RMS acted as the "mortgage servicer," (Compl. ¶ 12). *See Diaz v. United Cal. Bank*, 71 Cal. App. 3d 161, 166 (Cal. Ct. App. 1977) (finding that *escrow company* failed to clarify a possible error concerning the amount of consideration specified in the escrow instructions after being notified of the error).

The Court agrees with Plaintiff that Defendants' claim cannot be decided as a matter of law. (*See* Opp'n at 5–6.) Whether the "Escrow Closing Date Confirmation," (Compl., Ex. H), reasonably serves as "written confirmation" of "an official closing date" is a question of fact that the Court cannot determine in connection with a motion to dismiss.

The Court thus turns to Defendants' other arguments for dismissing Plaintiff's complaint.

### A. Plaintiff's Negligent Misrepresentation Claim Fails Where the Complaint Alleges A False Promise to Perform in the Future

To state a claim of negligent misrepresentation, Plaintiff must allege: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Wells Fargo Bank, N.A. v. FSI, Fin. Sols., Inc.*, 196 Cal. App. 4th 1559, 1573 (Cal. Ct. App. 2011) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 50 (Cal. Ct. App. 2009)). "It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (Cal. Ct. App. 2003). To plead with particularity, plaintiff must include "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted) (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997).

Plaintiff fails to plead the first element of a negligent misrepresentation claim: "the misrepresentation of a *past* or *existing* material fact." *Wells Fargo Bank*, 196 Cal. App. 4th at 1573 (emphasis added). "Although a false promise to perform in the future can support an *intentional* misrepresentation claim, it does not support a claim for *negligent* misrepresentation." *Stockton Mortg., Inc. v. Tope*, 233 Cal. App. 4th 437, 458 (Cal. Ct. App. 2014) (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158–59 (Cal. Ct. App. 1991)). In *Tarmann*, a promise to "pay for [the insured's] repairs immediately upon completion" was a promise of future performance, not actionable under a negligent misrepresentation claim. *Tarmann*, 2 Cal. App. 4th at 158. Similarly, in *Stockton Mortgage*, a promise to "obtain a release of the notice of abatement action prior to the close of escrow . . . was a promise of future performance, and thus [could not] be the basis for a negligent misrepresentation cause of action." *Stockton Mortg.*, 233 Cal. App. 4th at 458.

Plaintiff alleges that Defendant RMS, by and through its agent Marcus Williams, made a promise to Plaintiff: if Plaintiff provided—in the *future*—written confirmation of the escrow closing date before October 27, 2014, Defendant RMS—at that time—would cancel the trustee's sale. (Compl. ¶ 36.) Plaintiff claims to have provided the written confirmation to Mr. Williams. (Compl. ¶ 38.) Despite Mr. Williams's promise, the trustee's sale took place on October 27, 2014. (*Id.*) Like *Tarmann* and *Stockton Mortgage*, Plaintiff's allegations amount to Mr. Williams's false promise to perform in the future. The Court therefore **DISMISSES** Plaintiff's negligent misrepresentation claim, with leave to amend.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

      **B.**     **The Court Dismisses Plaintiff's Fraud Cause of Action Because Plaintiff Fails to Plead a Complete Causal Relationship Between the Alleged Misrepresentation and Resulting Damages**

    A claim of fraud requires allegations of: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Super. Ct.*, 12 Cal.4th 631, 638 (Cal. 1996). "Under California law, '[a] complete causal relationship between the fraud or deceit and the plaintiff's damages is required.'" *City Sols., Inc. v. Clear Channel Commc'ns*, 365 F.3d 835, 840 (9th Cir. 2004) (quoting *Small v. Fritz Cos.*, 30 Cal.4th 167, 202 (Cal. 2003) (Brown, J., concurring and dissenting)). A "specific pleading [of reliance] is necessary to establish a complete causal relationship between the alleged misrepresentations and the harm claimed to have resulted therefrom." *Mirkin v. Wasserman*, 5 Cal.4th 1082, 1092 (Cal. 1993) (internal quotations omitted). Reliance exists where "the misrepresentation . . . was an immediate cause of the plaintiff's conduct which altered . . . her legal relations, and when without such misrepresentation . . . she would not, in all reasonable probability, have entered into the contract or other transaction." *Alliance Mortg. Co. v. Rothwell*, 10 Cal.4th 1226, 1239 (Cal. 1995) (citing *Spinks v. Clark*, 147 Cal. 439, 444 (Cal. 1905)).

    Defendants argue, and the Court agrees, that Plaintiff's complaint and opposition brief fail to establish a "complete causal relationship" between Mr. Williams's alleged misrepresentation and the asserted harm—the sale of the subject property. (Mot. at 8.) The Supreme Court of California has explained that "[d]etermining causation always requires evaluation of hypothetical situations concerning what might have happened, but did not. . . . This is so because the very idea of causation necessarily involves comparing historical events to a hypothetical alternative." *Viner v. Sweet*, 30 Cal.4th 1232, 1242 (Cal. 2003). It is unclear from the pleadings what Plaintiff contends would have occurred had Mr. Williams not made any misrepresentation. Presumably, Plaintiff would not have "exhausted every effort" to provide Defendant RMS "with written confirmation of the escrow closing date[.]" (Compl. ¶¶ 59, 62.) But if Mr. Williams had not made the alleged misrepresentation, and Plaintiff did not submit a final escrow closing date, the trustee's sale would still have taken place on October 27, 2014. There is nothing in the Complaint to suggest otherwise. The Court cannot determine, nor does Plaintiff allege or argue, what Plaintiff *could have done* to prevent the sale of the subject property as of

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

October 24, 2014—when the alleged misrepresentation was made. (Compl. ¶ 25.) In other words, the way the facts are currently pleaded, the Court does not find an adequate causal link between the misrepresentation (Mr. Williams's promise) and the harm (the sale of the property).

Instead, Plaintiff's opposition describes a "five-month ordeal" that predates Mr. Williams's statement and argues that Mr. Williams's statement "was part of an overall scheme by Defendants to induce Plaintiff to believe that RMS would allow Plaintiff to sell the property, when in reality, they would foreclose on the Subject Property as soon as the plaintiff was lulled into inaction." (Opp'n at 7.) Plaintiff fails to plausibly allege an "overall scheme" where Plaintiff asserts a single misrepresentation. Moreover, the Court does not accept Plaintiff's attempt to argue that Plaintiff's actions and decisions *prior to* Mr. Williams's promise were done in *reliance on* Mr. Williams's future promise, as such and argument is not supported by the allegations.

For the reasons discussed, the Court **DISMISSES** Plaintiff's fraud cause of action.

### C. Plaintiff Fails to Allege Facts Supporting Any Substantial Change in Position to State a Claim of Promissory Estoppel

The elements of a promissory estoppel claim are: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Jones v. Wachovia Bank*, 230 Cal. App. 4th 935, 945 (Cal. Ct. App. 2014) (quoting *U.S. Ecology, Inc. v. California*, 129 Cal. App. 4th 887, 902 (Cal. Ct. App. 2005)). Promissory estoppel binds a promisor when the promisor "should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if justice can be avoided only by its enforcement." *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1041 (Cal. Ct. App. 2010).

Plaintiff does not allege any facts to show "a substantial change of position." *Id.* For example, Plaintiff does not contend that she refrained from engaging in conduct that *would have prevented* the trustee's sale based on her reliance on the October 24, 2014 misrepresentation. The only "act or forbearance" that Plaintiff asserts is obtaining and sending Defendant RMS "written confirmation of the escrow closing date[.]" (Compl. ¶

Case 2:15-cv-04475-BRO-JEM Document 16 Filed 08/14/15 Page 9 of 12 Page ID #:176

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

70.) If Plaintiff had not relied on Defendants' promise, and had not "acted" in this way, her position would be the same—the trustee's sale would still have taken place.

Plaintiff argues in opposition to Defendants' motion that "Defendants never intended to allow Plaintiff to sell the Subject Property," and that this was "made evident by the surrounding circumstances leading up to the trustee's sale." (Opp'n at 8.) The opposition also indicates that "Defendant [sic] forwent all other options to temporarily postpone the trustee's sale date so that escrow could have closed, and more significantly, lost the opportunity to sell the Subject Property resulting in the substantial loss of the proceeds from the sale." (*Id.* at 9.) While this assertion positions Plaintiff closer to stating a promissory estoppel cause of action—because it generally suggests a *change* in position—it still falls short. *See Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1199 (S.D. Cal. 2010) ("Plaintiff's brief makes general and unsubstantiated reference to 'other options to avoid the foreclosure.' . . . However, it is unclear what realistic options existed to Plaintiff less than a week before the foreclosure sale. None are listed in the [complaint]."); *see also Garcia*, 183 Cal. App. 4th at 1041–42 (citing and describing various examples of California cases where plaintiffs' actions "have been held to support promissory estoppel"). Plaintiff fails to allege what option(s) she had to temporarily postpone the trustee's sale date, and as discussed in connection with Plaintiff's fraud claim, the Court cannot determine what options Plaintiff had as of October 24, 2014. The Court thus **DISMISSES** Plaintiff's promissory estoppel cause of action, with leave to amend.

>  D.  Plaintiff Cannot State a Claim to Set Aside Trustee's Sale Without Asserting Tender of Payment or Excuse from Tendering

The elements of an equitable cause of action to set aside a trustee's sale are:

> (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the same (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

*Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (Cal. Ct. App. 2011). The Court finds that Plaintiff has not properly alleged "an illegal, fraudulent, or willfully oppressive sale"—the first element required to set aside a trustee's sale—for the same reasons that Plaintiff's claims for negligent misrepresentation, fraud, and promissory estoppel fail. *See* IV.A–C, *supra*.

Plaintiff's claim also falls short because Plaintiff has not asserted the tender of payment or any facts to suggest why Plaintiff is excused from tendering. *See id.* at 112–13 (discussing four exceptions to the tender requirement). In her opposition, Plaintiff simply restates insufficient allegations of fraud and concludes that "application of the tender rule would be wholly inequitable." *Cf. id.* at 113 (discussing *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285 (Cal. 1911) as an example of when "a tender may not be required where it would be inequitable to impose such a condition on the party challenging the sale"; in *Humboldt*, the "court held that it would be inequitable to require defendant to pay, or offer to pay, a debt of $57,000, for which she is in no way liable to attack the sale of her $5,000 homestead") (internal quotations omitted).

"A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *In re Worcester*, 811 F.2d 1224, 1230 (9th Cir. 1987) (quoting *Karlsen v. Am. Sav. & Loan Ass'n.*, 15 Cal. App. 3d 112, 117 (Cal. Ct. App. 1971)). Where Plaintiff has not alleged any tender, nor provided any facts to suggest why Plaintiff is excused from tendering, the Court finds that Plaintiff fails to state a claim to set aside the trustee's sale, and **DISMISSES** Plaintiff's fourth cause of action, with leave to amend.

### E. The Court Does Not Dismiss Plaintiff's UCL Cause of Action Under the "Unfairness" Prong

The UCL defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff may therefore base her claim on "'acts or practices which are unlawful, or unfair, or fraudulent.'" *Shvarts v. Budget Grp., Inc.*, 81 Cal. App. 4th 1153, 1157 (Cal. Ct. App. 2000) (quoting *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (Cal. Ct. App. 1996)).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

Paragraphs 84 through 97 of Plaintiff's UCL cause of action do not state any facts; instead, Plaintiff attempts to summarize the law. (Compl. ¶¶ 84–97.) The remaining UCL allegations repeat Plaintiff's general allegations in this case: that Defendants made "fraudulent statements with the goal of taking the Subject Property via the foreclosure process." (Compl. ¶ 101.) Plaintiff further asserts that Defendants engaged in "'unfair' business practices" by "[e]ngaging in . . . practices that induce a belief from borrowers that Defendant [sic] is exploring options with borrowers to stop the sale . . . to placate borrowers in a position so that they do not seek more drastic measure [sic] that would stop the trustee's sale." (Compl. ¶ 103.)

A violation of an "unlawful" business practice requires a plaintiff to assert a violation of another law. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (Cal. 1999). If a plaintiff cannot state a claim under the "borrow[ed]" law, she cannot state a claim under the "unlawful" prong of the UCL. *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (Cal Ct. App. 2001) ("[I]t is fairly said that section 17200 'borrows' violations of other laws and treats them as 'unlawful' practices independently actionable under the unfair competition law."). As already discussed, Plaintiff fails to state a claim of negligent misrepresentation and fraud. Because the Court dismisses Plaintiff's predicate claims, Plaintiff does not state a claim under the UCL's "unlawful" prong.

A business practice is "fraudulent" where there is "deception to some members of the public, or harm to the public interest," *Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1121 (C.D. Cal. 2001), or that "members of the public are likely to be deceived," *Med. Instrument Dev. Labs. v. Alcon Labs.*, No. C 05-1138 MJJ, 2005 WL 1926673, at *5 (N.D. Cal. Aug. 10, 2005). Although Plaintiff states in conclusory form that Defendants' "specific and targeted" business practices "induce a belief from borrowers," (Compl. ¶ 103), Plaintiff has not pleaded any *facts* to plausibly suggest deception in order to state a claim under the UCL's "fraudulent" prong. The Court is not required "to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). The plausibility standard requires "*factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (emphasis added).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04475 BRO (JEMx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | DEBORAH DAVENPORT V. SEATTLE BANK ET AL. | | |

Finally, an "unfair" business practice "involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim[.]" *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886 (Cal. Ct. App. 1999) (internal quotations omitted); *see also Perryman v. Litton Loan Servicing, LP*, --- F. Supp. 3d ----, No. 14-cv-02261-JST, 2015 WL 895638, at *3–4 (N.D. Cal. Feb. 26, 2015) (applying *South Bay*'s balancing test). Plaintiff claims that Defendants engage in the practice of promising to postpone a trustee's sale if a written confirmation of the escrow closing date is provided prior to the trustee's sale date. (Compl. ¶ 99; *see also* Compl. ¶ 101 (describing Defendants' business practice as "mak[ing] fraudulent statements with the overall goal of taking the Subject property via the foreclosure process").) "Whether a business act or practice constitutes unfair competition within Section 17200 is a question of fact." *Watson Labs.*, 178 F. Supp. 2d at 1117 (citing *Payne v. United Cal. Bank*, 23 Cal. App. 3d 850, 856 (Cal. Ct. App. 1972)); *see In re JPMorgan Chase Bank Home Equity Line of Credit Litig.*, 794 F. Supp. 2d 859, 891 (N.D. Ill. 2011) ("The determination of whether a business practice is unfair is usually a question of fact and inappropriate for a motion to dismiss."). The Complaint sufficiently pleads facts support a UCL claim premised upon an "unfair" business practice. The Court thus **DENIES** Defendants' motion to dismiss Plaintiff's UCL cause of action.

**V.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss, with leave to amend Plaintiff's causes of action for negligent misrepresentation, fraud, promissory estoppel, and to set aside a trustee's sale. Plaintiff may file a First Amended Complaint **by August 28, 2015 by 4:00 p.m.** if she wishes.

**IT IS SO ORDERED.**

:

Initials of Preparer          rf